## HART v SCHLIENTZ et

Ohio Appeals, 2nd Dist, Preble Co
No. 68.   Decided Feb 2, 1931

V. V. Brumbaugh, Eaton, and J. M. Kifacofe, for Hart.

J. V. Dye, Eaton, for Schlientz.

H. R. Gilmore, Eaton, for Kelly.

**ALLREAD, J.**

We think the rule requires us to hold that the entire case is appealed. There was no error, therefore, in the action of the trial court in recognizing the appeal as to Laura Hart. The case then proceeded to trial. The evidence tended to prove that the defendant, William Schlientz, was approaching on Barron Street from the south and Laura Hart approached on Decatur Street from the west. Laura Hart did not stop before entering the intersection, as the statute and ordinance requires but came on to the intersection and was struck by Schlientz, her car turned around and Schlientz's car proceeded from the intersection uncontrolled, struck another car, that car struck the plaintiff's car, to the plaintiff's injury. The questions arising during the trial and upon the charge of the court at the conclusion of the trial are governed by the case of **Heidle v Baldwin, 118 Oh St, 375.** The rule of this case previously stated is that Laura Hart, when she approached the intersection of Decatur Street and Barron Street was bound to stop and to give the right of way to the driver of an automobile on Barron Street if the automobile was at or near the intersection and that in crossing the street she was bound to use due care to prevent collisions with automobiles farther away on Barron Street, that the driver of an automobile on Barron Street was also bound to approach the crossing with due care, with a reasonable rate of speed and was also to look out for other cars that might be on the crossing. The court gave the law of this case in the charges to the jury. This case was followed in the case of **Candy Company v Kling in the 121st Oh St, 362.** We think there was no error committed either in the introduction of evidence, in the refusal to give special charges requested by the plaintiff in error or in the charges actually given.

Upon the question of the weight of the evidence we reach the conclusion that there was evidence offered from which the jury might have held Laura Hart as jointly contributing to the accident and consequently to the injury to the machine of Kelly. The judgment of the Court of Common Pleas must, therefore, be affirmed. Judgment affirmed.

KUNKLE, PJ and HORNBECK, J, concur.